## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| M. DUGAN, KAREN DUGAN, and MARK S. DUGAN AS TRUSTEE OF THE GDM FAMILY TRUST, | Civil Action |
| Plaintiffs, | |
| v. | CaseNo. 3:15-cv-00366 |
| PHILLIPS WIEGAND, JR., PILIANA M. SCHAMENS, DAVID W. SCHAMENS, INVICTUS CAPITAL GROWTH AND INCOME FUND, LLP, INVICTUS ASSET MANAGEMENT, LLC, INVICTUS INCOME FUND, LLP, INVICTUS REAL ESTATE INVESTMENT, LLP, INVICTUS FUNDS, LLC, TRADEDESK FINANCIAL GROUP, INC., TRADEDESK FINANCIAL CORP., TRADESTREAM ANALYTICS, LTD., INVICTUS CAPITAL GROWTH FUND, LLP, INVICTUS HOLDINGS, LLP, TRADEDESK CAPITAL, LLC, | **DEFENDANT PHILLIPS WIEGAND, JR.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE DOCTRINE OF *FORUM NON CONVENIENS*** |
| Defendants. | |

# TABLE OF CONTENTS

**STATEMENT OF THE CASE**………………………………………..5

**STATEMENT OF THE FACTS**……………………………………6

**ARGUMENT**……………………………………………………...8

    I.     THERE IS NO DIVERSITY JURISDICTION PURSUANT TO
          § 28 U.S.C. 1332. ……………………………………………….9

    II.    ENFORCEMENT OF THE FORUM-SELECTION
          CLAUSES MANDATES THAT THIS ACTION BE
          DISMISSED. ………………………………………………….12

          A.    Forum-selection clauses pointing to exclusive
                jurisdiction in a state forum should be enforced
                through the doctrine of *forum non conveniens* and
                Plaintiffs' Complaint should be dismissed in its
                entirety.…………………………………………………...13

          B.    The Subscription Agreements each contain valid,
                enforceable forum-selection clauses. ………………………16

                1.    *The forum-selection clauses at issue are*
                        *mandatory.*……………………………………………17

                2.    *The nature of Plaintiffs' allegations against*
                        *Defendants fall squarely within the broad*
                        *language of the forum-selection clauses.*……………...18

                3.    *Plaintiffs do not allege that inclusion*
                        *of the forum-selection clauses in the*
                        *Subscription Agreements was obtained*
                        *by fraud.* .................................................................19

                4.    *North Carolina's public policy prohibitions*
                        *on forum-selection clauses are limited and*
                        *inapplicable n the instant matter.* ................................20

**CONCLUSION**…………………………………………………………………..23

# TABLE OF AUTHORITIES

A&D Envtl. Servs., Inc. v. Miller,
    770 S.E.2d 755 (N.C. App. 2015) …………………………………………21

Albemarle Corp. v. Astrazeneca UK Ltd.,
    628 F.3d 643 (4th Cir. 2010) ………………………………………16-19

Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. W.D. Texas,
    134 S. Ct. 568, 187 L.Ed. 2d 487 (U.S. 2013) …………………………12

Blue Mako, Inc, v. Minidis,
    472 F. Supp. 2d 690 (M.D.N.C. 2007) ……………………………………22

Byrd v. Carnival Corp.,
    No. 1:05cv417, 2006 U.S. Dist. LEXIS 30238
    (M.D.N.C. May 16, 2006) …………………………………………… …...20

Carden v. Arkoma Assocs.,
    494 U.S. 185, 110 S. Ct. 1015 (U.S. 1990) ………………………………10

Cruz v. Pennsylvania,
    277 Fed. Appx. 160 (3d Cir. May 14, 2008) (unpublished) ………….……10

Davis v. Davis,
    256 N.C. 468, 124 S.E.2d 130 (N.C. 1962) …………………………....20

Deutsche Bank Nat'l Trust Co. v. Linsey,
    No. 13-2040, 2013 U.S. Dist. LEXIS 76611
    (D.N.J. May 31, 2013) …………………………………………………..12

Emerald Investors Trust v. Gaunt Parsippany Ptnrs,
    492 F.3d 192 (3rd Cir.  2007) …………………………………………..10

Genesis Svcs. Group, Inc. v. Culi-Services, Inc.,
    No. 4:98-CV-145, 1999 U.S. Dist. LEXIS 6869
    (E.D.N.C. March 30, 1999) …………………………………………18-20

IntraComm Inc. v. Bajaj,
    492 F.3d 285 (4th Cir. 2007) …………………………………………17

Parson v. Oasis Legal Fin., LLC,
    214 N.C. App. 125, 715 S.E.2d 240 (N.C. Ct. App. 2011) ……………17-19

Priast v. DCT Systs. Group, Inc.,
    No. 5:14CV115, 2015 U.S. Dist. LEXIS 3721
    (W.D.N.C. Jan. 13, 2015)…………………………………………………7

Ramsey v. Mellon Nat'l Bank & Trust Co.,
    350 F.2d 874 (3d Cir. 1965)…………………………………………..9

S. Freedman & Co. v. Raab,
    180 Fed. Appx. 316(3d Cir. May 10, 2006)(unpublished)…………………10

Scherk v. Alberto-Culver Co.,
     417 U.S. 506, 94 S. Ct. 2449(U.S. 1974) …………………………………..19
Scholl v. Sagon RV Supercenter, LLC,
     249 F.R.D. 230 (W.D.N.C. 2008) ………………………………………22
Swiger v. Allegheny Energy, Inc.,
     540 F.3d 179 (3rd Cir. 2008) …………………………………………10-12
Turfworthy, LLC v. Dr. Karl Wetekam& Co. KG,
     26 F. Supp. 3d 496 (M.D.N.C. 2014) …………………………………18, 21
U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd.,
     No. 14:-1558, 2015 U.S. App. LEXIS 8505
     (4th Cir. May 22, 2015)(unpublished) …………………………………..19
Vail v. Doe,
     39 F. Supp. 2d 477 (D.N.J. 1999) …………………………………9-11
Fed. R. Civ. Pro. 12 …………………………………………………………9, 10
28 U.S.C. § 1404 ……………………………………………………13-15
N.C.G.S. § 1-82 …………………………………………………………..21
N.C.G.S. § 22B-3 ………………………………………………………22

NOW COMES Defendant, Phillips Wiegand, Jr. ("Wiegand, Jr."), by and through the undersigned counsel, pursuant to Local Rule 7.1, and submits this Memorandum of Law in Support of his Motions to Dismiss pursuant to:

1.     The fact there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Illinois citizens are present on both sides of the lawsuit; and

2,     the Doctrine of *forum non conveniens*.

## STATEMENT OF THE CASE

Plaintiffs, two purported Illinois citizens and residents, and one purported Texas trust with a trustee that is a citizen and resident of Texas, initiated this action by the filing of a Complaint in the United States District Court For the Western District on August 11, 2015 (Complaint, Docket No. 3:15-cv-00366) on the basis

of diversity jurisdiction pursuant to 28 U.S.C.§ 1332, and alleging proper venue pursuant to 28 U.S.C. § 1391(b).Summons issued, and Defendant Phillips Wiegand, Jr. ("Wiegand, Jr.") waived service of Summons extending his time to respond up to and including October 19, 2015.   Defendant Wiegand, Jr. timely files his Motion to Dismiss and contemporaneously files this Memorandum. Counsel for Wiegand has consulted and conferred with Mark Kutny, counsel for Plaintiffs, and has not received either consent or objection to the motion.

## STATEMENT OF THE FACTS

Plaintiffs' Complaintarises solely out of the circumstances surrounding Plaintiffs' investments in either Defendant Invictus Capital Growth and Income Fund LLPor Defendant Invictus Income Fund, LLP, which occurred over a period of time beginning in 2004 (Compl. ¶¶ 111).At all times relevant hereto, these Defendant funds were North Carolina limited liability partnerships (Compl. ¶¶ 12, 17).   At the time of Plaintiffs' investments and the alleged acts complained of, Defendant Wiegand, Jr.[1] was a Managing Member of Defendant Invictus Asset Management LLC,[2] a North Carolina limited liability company (Comp. ¶ 11).FOOTNOTE

---

[1]At all times relevant hereto, Defendant Wiegand, Jr. is and was a citizen and resident of the State of North Carolina.

[2]Defendant Invictus Asset Management LLC was the General Partner of Defendant Invictus Capital Growth and Income Fund LLP and Defendant Invictus Income Fund, LLP.

Plaintiffs allege that Defendant Wiegand, Jr. solicited their investments in Invictus Capital Growth and Income Fund LLP (Compl. ¶ 113). The Plaintiffs were provided with the Subscription Agreement for that fund (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "A."**). The Dugans, in various capacities, executed the Subscription Agreements and made investments in Invictus Capital Growth and Income Fund LLP (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "A"**; The above-referenced Subscription Agreements for both Defendant Invictus Capital Growth and Income Fund LLP and Defendant Invictus Income Fund, LLP contain identical**choice-of-law provisions**and **forum-selection clauses**.[3]

The choice-of-law provisions provide that:

> This Agreement shall be construed in accordance with and governed by the laws of the State of North Carolina, except as to the manner in which the subscribing investor elects to take title to securities of the Partnership which shall be construed in accordance with the state of his principal residence (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "A."**).

The forum-selection clauses provide that:

> Subscriber agrees that in any action between the parties hereto to enforce any of the terms of this Agreement, the Partnership Agreement or any other contract relating to the Partnership, or in any other way pertaining to

---

[3]It is appropriate for the Court to consider matters outside the pleadings, e.g., affidavits, documents, etc., since Defendant does not move for dismissal pursuant to Rule 12(b)(6) or 12(c). See_Priast v. DCT Systs. Group, Inc._, No. 5:14CV115, 2015 U.S. Dist. LEXIS 3721 (W.D.N.C. Jan. 13, 2015)(unpublished) citing Fed. R. Civ. Pro. Rule 12(d).

Partnership affairs or this Agreement, **the forum for such litigation shall be the Superior Court of the State of North Carolina for Mecklenburg County,** and the prevailing party or parties shall be entitled to recover from the non-prevailing party or parties their reasonable attorneys' fees and costs, including those on appeal (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "A."**).

On December 12, 2014, the Dugans caused to be filed a virtually identical Complaint in the North Carolina State Superior Court for the County of Mecklenburg on behalf of PlaintiffAggie Investment(s), LLC. (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "D."**)

Aggie is a related entity. M. Dugan, otherwise known as Guy Dugan, is the Manager andPresident of Aggie Investment(s), LLC (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "B" and "C"**) and has personally used Aggie Investment(s), LLC to invest personal funds. Mark S. Dugan, Guy Dugan's brother, appears as counsel pro hac vice in the Aggie suit (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "E."**). Both Guy Dugan and Mark S. Dugan have appeared in Mecklenburg County in prosecution of the Aggie suit. Guy Dugan is married to Karen Dugan. Plaintiffs' Complaint describes Guy and Karen as "the Dugans." (Compl. ¶2). Further, Guy Dugan is the "GDM" of the "GDM Family Trust" and Mark S. Dugan is its trustee (Compl. ¶3) In the Aggie Complaint, Aggie alleged that jurisdiction and venue was proper in the Mecklenburg County Superior Court. (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "D."**)

Despite the forum-selection clauses, Plaintiffs filed the above-captioned matter in the District Court for the Western District of North Carolina, and have asserted claims for compensatory damages associated with their investments in the funds and other relief.

## ARGUMENT

Defendant Wiegand, Jr. seeks an order dismissing the above-captioned action**without prejudice** on the grounds that a valid and enforceable forum-selection clause exists, mandating that this action only be brought in the Superior Court of the State of North Carolina for Mecklenburg County.

## I. THERE IS NO DIVERSITY JURISDICTION PURSUANT TO § 28 U.S.C. 1332.

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a Complaint for lack of subject matter jurisdiction. Fed. R. Civ. Pro. 12. Plaintiffs contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and this is an action between citizens of different states (Compl. ¶ 24). Plaintiffs M. and Karen Dugan (husband and wife) allege that they are citizens and residents of the State of Illinois.(Compl. ¶¶ 1-2).

Plaintiffs allege that for purposes of diversity jurisdiction, DefendantsInvictus Capital Growth and Income Fund, LLP and Invictus Income Fund, LLP are all citizens of the State of North Carolina because they are North

Carolina limited liability partnerships (Compl. ¶¶ 7, 9,24, 28). Plaintiffs do not allege the citizenship of any of the partners of any of these Defendant entities.

"The burden of proving diversity of citizenship is upon the plaintiff." Ramsey v. Mellon Nat'l Bank & Trust Co., 350 F.2d 874, 878 (3d Cir. 1965); Vail v. Doe, 39 F. Supp. 2d 477 (D.N.J. 1999)("Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish diversity of citizenship."). A failure to adequately plead required diversity of citizenship by identifying the citizenship of all limited partners is fatal and subjects a suit to dismissal. SeeCruz v. Pennsylvania, 277 Fed. Appx. 160, 162 (3d Cir. May 14, 2008)(unpublished); S. Freedman & Co. v. Raab, 180 Fed. Appx. 316, 320 (3d Cir. May 10, 2006)(unpublished).

For purposes of the statute authorizing the federal courts to exercise jurisdiction based on diversity of citizenship,a limited partnership **may not** be considered a "citizen" of the state under whose laws it was created.Carden v. Arkoma Assocs., 494 U.S. 185, 189, 110 S. Ct. 1015, 1018 (U.S. 1990). Instead, a limited partnership is a citizen of each state in which a partner is a citizen, regardless of whether the partners are limited or general partners. Id., 494 U.S. at 195-196, 110 S. Ct. at 1021. "[C]ourts are to look to the citizenship of all the partners … to determine whether the federal district court has diversity jurisdiction." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3rd Cir.

2008); <u>Emerald Investors Trust v. Gaunt Parsippany Ptnrs</u>, 492 F.3d 192, 201 (3rd Cir. 2007)("[B]ecause artificial entities, unlike corporations, are not 'citizens'under 28 U.S.C. § 1332, diversity jurisdiction by or against an artificial entity depends on the citizenship of 'all the members.'"). "[I]n the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." <u>Swiger</u>, 540 F.3d at 183.

Here, taking Plaintiffs' allegations as true for purposes of this Motion, there are Illinois citizens on both sides of this lawsuit, and therefore complete diversity is lacking:

1.  Plaintiffs M. (Guy) and Karen Dugan are alleged to be citizens and residents of Illinois.

2.  Plaintiffs M. (Guy) and Karen Dugan are also limited partners of Defendant Invictus Capital Growth and Income Fund LLP.[4] Because a limited liability partnership's citizenship is that of its partners, the Defendant Invictus Capital Growth and Income Fund LLP is also a citizen of Illinois.

Moreover, allowing any amendment by Plaintiffs, or "jurisdictional discovery,"[5] in an effort to remedy the pleadings to establish diversity jurisdiction would be futile for the following reasons:

---

[4] Plaintiffs acknowledge that they are "limited partners in the Funds" (Compl. ¶49).

1.     Plaintiffs acknowledge that they invested in, and are limited partners in the Defendant Invictus Capital Growth and Income Fund LLP and/or the Defendant Invictus Income Fund LLP. (Compl. ¶49 and 109);

2.     The Subscription Agreements executed by the Plaintiffs indicate Plaintiffs are limited partners: "this Subscription Agreement, when executed below, shall constitute a subscription for limited partnership interests (the "Units") (in the amount set forth) of the Partnership" (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "A."**);

3.     Plaintiffs have executed Limited Partnership Agreement signature pages, indicating their status as limited partners in the Defendant funds (see**Affidavit of Phillips Wiegand, Jr.,Exhibit "A."**); and

4.     There is a valid and enforceable forum-selection clause in each Subscription Agreement mandating that exclusive jurisdiction for this action lies with the Mecklenburg County Superior Court of North Carolina.[6]

In short, because of the identity of citizenship between the limited partners who reside in Illinois and the Defendant limited liability partnerships, the Court should dismiss Plaintiffs' Complaint for want of diversity jurisdiction.

## II. ENFORCEMENT OF THE FORUM-SELECTION CLAUSES MANDATES THAT THIS ACTION BE DISMISSED.

---

[6]Discussed in Section II, below.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas, 134 S. Ct. 568, 580, 187 L.Ed. 2d 487, 499 (U.S. 2013). Section § 1404(a) codifies the doctrine of *forum non conveniens*. That statute governs transfers between federal courts exclusively, however:

> …because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum. Id., 134 S. Ct. at 580, 187 L.Ed. 2d at 500.

"Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id., 134 S. Ct. at 581, 187 L.Ed. 2d at 500. Because § 1404(a) limits the ability of a court to transfer to another federal court where the case might have been brought, wherethe forum selection clause mandates the case be brought in a nonfederal forum, dismissal is the appropriate remedy. Id., 134 S. Ct. at 583 n. 8, 187 L.Ed. 2d at 503 (noting also that any caution or deference to the original forum is unwarranted "when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause").

A. Forum-selection clauses pointing to exclusive jurisdiction in a state forum should be enforced through the doctrine of *forum non*

*conveniens* and Plaintiffs' Complaint should be dismissed in its entirety.

Section 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404.

When a transfer motion is premised on a forum-selection clause, the court must "make adjustments" to the traditional §1404(a) analysis:the presence of a valid forum-selection clause requires the court to adjust its usual § 1404(a) analysis in three ways. Atlantic Marine, 134 S. Ct. at 581, 187 L.Ed. 2d at 501.

First, "the plaintiff's choice of forum merits no weight." Id. Instead, a plaintiff opposing the forum-selection clause "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id.

> [W]hen a plaintiff agrees by contract to bring suit only in a specified forum – presumably in exchange for other binding promises by the defendant – the plaintiff has effectively exercised its "venue privilege" before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed. Id., 134 S. Ct. at 582, 187 L.E.2d at 501.

Second, the court should not consider arguments about the parties' private interests. Id. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id., 134 S. Ct.

at 582, 187 L.E.2d at 501-502.  This is because any inconvenience contemplated by litigation in the contractual forum was clearly foreseeable at the time of contracting, therefore, "[a] court must deem the private-interest factors to weigh entirely in favor of the preselected forum."  Id.

And third, when a party bound by a forum-selection clause "flouts its contractual obligation and files suit in a different forum," it is not entitled to the benefit of the application of the original venue's choice-of-law rules.  Id., 134 S. Ct. at 582-583, 187 L.E.2d at 502-503.  Moreover, even if the case were to remain in the District Court, the Court would apply North Carolina law pursuant to the choice-of-law provisions found in the Subscription Agreements.

In short, in deciding a motion to transfer venue arising out of the enforcement of a forum-selection clause, "a district court may consider arguments about public-interest factors only."  Id., 134 S. Ct. at 582, 187 L.E.2d at 502.  And "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."  Id.

Permissible public-interest factors may include the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, and the interest in having the trial of a diversity case in a forum that is at home with the law.  Id., 134 S. Ct. at 581 n. 6, 187 L.E.2d at 501.

In its analysis of public-interest factors, this Court should apply North Carolina law, as this is both the choice-of-law agreed-upon by the parties in the Subscription Agreements and because the Supreme Court in Atlantic Marine rejected the proposition that the law of the court in which the plaintiff inappropriately files suit controls. Id., 134 S. Ct. at 582-583, 187 L.E.2d at 502-503.[7]

There is no allegation or indication that the parties would face administrative difficulties and/or congestion if the above-captioned matter was heard in the Mecklenburg County Superior Court Division. Additionally, Plaintiffs willingly became limited partners in North Carolina limited liability companies, invested in North Carolina funds, interacted with North Carolina residents, and, perhaps most importantly, agreed to be bound by the laws of North Carolina, as evidenced by the choice-of-laws provision included in the Subscription Agreements, which lessens any argument that this is a "localized" controversy in the Western District. Finally, in the event this case is not dismissed, the Court would be bound to apply North Carolina choice-of-law and North Carolina substantive law, pursuant to the choice-of-law provisions, which negates any interest this Court may have in having the trial of a diversity case in a forum that is at home with the law.

B.     The Subscription Agreements each contain valid, enforceable forum-selection clauses.

---

[7] Plaintiffs have alleged no causes of action specific to Federal law.

"Federal law explicitly regulates the appropriate venue in cases filed in federal court, and to the extent that a forum selection clause is invoked to change venue, federal law applies." Albemarle Corp. v. Astrazeneca UK Ltd., 628 F.3d 643 (4th Cir. 2010).When parties to a contract confer jurisdiction and venue on a particular court, as a general matter, federal common law directs courts to favor enforcement of the agreement, so long as it is not unreasonable.Id. at 649.

North Carolina law parallels the federal law on this issue, and provides that:

> [a] plaintiff who executes a contract that designates a particular forum for the resolution of disputes and then files suit in another forum seeking to avoid enforcement of a forum selection clause carries a heavy burden and must demonstrate that the clause was the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable.Parson v. Oasis Legal Fin., LLC, 214 N.C. App. 125, 133, 715 S.E.2d 240, 245 (N.C. Ct. App. 2011).

1. *The forum-selection clauses at issue are mandatory.*

A forum-selection clause may be either permissive or mandatory.

> When construing forum selection clauses, federal courts have found dispositive the particular language of the clause and whether it *authorizes* another forum as an alternative to the forum of the litigation or whether it makes the designated forum *exclusive*. Albemarle Corp., 628 F.3d at 650-651.

The forum-selection clauses at issue here state: "the forum for such litigation **shallbe** the Superior Court of the State of North Carolina for Mecklenburg County" (**¶18 Exhibits A-F**)(emphasis added). The clauses do not include language permitting the parties to choose alternate venues, therefore, the clauses mandate exclusive venue in the state court of North Carolina for Mecklenburg County. See IntraComm Inc. v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007)(agreeing with the Tenth Circuit's analysis that a forum-selection clause that provided "[j]urisdiction shall be in the state of Colorado" was a mandatory clause as it contained clear language stating that jurisdiction was only appropriate in Colorado, the designated forum);Turfworthy, LLC v. Dr. Karl Wetekam& Co. KG, 26 F. Supp. 3d 496, 505-506 (M.D.N.C. 2014)(holding that forum-selection clause indicating that party's registered place of business "shall be the place of jurisdiction" was mandatory); see alsoGenesis Svcs. Group, Inc. v. Culi-Services, Inc., No. 4:98-CV-145, 1999 U.S. Dist. LEXIS 6869 (E.D.N.C. March 30, 1999)("[W]here the language of a forum-selection clause refers to a specific county and not to a specific judicial district, venue is intended to lie only in state court.")(citations omitted).

> 2. *The nature of Plaintiffs' allegations against Defendants fall squarely within the broad language of the forum-selection clauses.*

Forum-selection clauses may apply broadly to claims arising out of or relating to the contract at issue, and applicability is not strictly limited to breach of contract claims. See, e.g.Priast, supra (plaintiff's claims were arising out of or relating to the service agreement and therefore subject to the forum-selection clause). They are also enforceable beyond the expiration of the contract, if they are otherwise applicable to the disputed issue and the parties have not agreed otherwise. U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd., No. 14:-1558, 2015 U.S. App. LEXIS 8505 (4th Cir. May 22, 2015)(unpublished).

The forum-selection clauses at issue in the instant matter are broad, and apply to:

> …any action between the parties hereto to enforce any of the terms of this [Subscription] Agreement, the Partnership Agreement or any other contract relating to the Partnership, or in any other way pertaining to Partnership affairs or this [Subscription] Agreement (¶18 Exhibits D-I).

Plaintiffs' claims arise solely out of their status as limited partners of either Defendant Invictus Capital Growth & Income Fund LLP and/or Defendant Invictus Income Fund LLP and relate solely to their investments in the Defendant limited liability partnerships. Their claims, therefore, fall within the broad scope of the forum-selection clauses.

3. *Plaintiffs do not allege that inclusion of the forum-selection clauses in the Subscription Agreements was obtained by fraud.*

For a claim of fraud to make invalidation of a forum-selection clause possible, there must be a specific allegation that inclusion of the clause itself was the product of fraud; in other words, the mere fact that a dispute arising out of a transaction is based upon an allegation of fraud does not render the clause unenforceable.  See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14, 94 S. Ct. 2449, 2457 (U.S. 1974).  Moreover, a simple failure to read a forum-selection clause and/or to be aware of its inclusion in the contract is not grounds for avoidance.

> The law imposes on everyone a duty to act with reasonable prudence for his own safety. So one who contracts with another cannot ignore the contract merely because he becomes dissatisfied upon learning of the obligation assumed when, without excuse, he made no effort to ascertain the terms of the contract at the time he executed it. One who signs a written contract without reading it, when he can do so understandingly is bound thereby unless the failure to read is justified by some special circumstance. Davis v. Davis, 256 N.C. 468, 471-472 (N.C. 1962).

See also Turfworthy, 26 F. Supp. 3d at 504-505 (rejecting plaintiff's contention that the contract language should be avoided because it was inconspicuous, wrongly worded, and that plaintiff did not know about it until the litigation); Byrd v. Carnival Corp., No. 1:05cv417, 2006 U.S. Dist. LEXIS 30238 (M.D.N.C. May 16, 2006)(finding no fundamental unfairness to forum-selection language contained in form ticket contract where passenger signed boarding pass without reading the

contract but had ample opportunity to become informed of the terms and conditions prior to his trip and in the years following his injury before suit was filed).

4.     *North Carolina's public policy prohibitions on forum-selection clauses are limited and inapplicable in the instant matter.*

North Carolina prohibits the use of forum-selection clauses by parties that have the effect of "strip[ping] [its] Legislature of its power to determine in which county or counties that actions maintained *in this State* must be prosecuted." A&D Envtl. Servs., Inc. v. Miller, 770 S.E.2d 755, 756-57 (N.C. App. 2015). Defendant in Miller sought to enforce a contract provision requiring that lawsuits arising under the contract be prosecuted in Mecklenburg County, North Carolina. North Carolina's applicable venue rules, however, provided that the contract dispute "*must* be tried in the county in which the [Plaintiff] or [Defendant] … reside[s]." Id. quoting N.C.G.S. § 1-82.  Because neither plaintiff nor defendant was a resident of Mecklenburg County, the Miller court affirmed denial of defendant's motion to dismiss for improper venue, holding that "a forum selection clause which requires lawsuits to be prosecuted in a certain North Carolina county is enforceable only if our Legislature has provided that said North Carolina county is a proper venue."

The forum-selection clauses at issue in the above-captioned matter provide that disputes arising out of the contracts or partnership disputes shall be brought in

Mecklenburg County. Defendant Wiegand, Jr. is a citizen and resident of Mecklenburg County, therefore, enforcement of the forum-selection clause does not run afoul of North Carolina public policy and/or laws.[8]

North Carolina additionally has a statute that prohibits forum-selection clauses in certain circumstances. Section 22B-3 of the North Carolina General Statutes provides in pertinent part that:

> Except as otherwise provided in this section, any provision in a **contract entered into in North Carolina** that requires the prosecution of any action or the arbitration of any dispute that arises from the contract **to be instituted or heard in another state** is against public policy and is void and unenforceable. N.C.G.S. § 22B-3 (emphasis added).

The forum-selection clauses at issue do not require that the action be brought or heard in another state, in fact, they mandate that the above-captioned action be brought in Mecklenburg County, North Carolina. Additionally federal courts in North Carolina have consistently found that this North Carolina statute is not dispositive as to the enforceability of a forum- selection clause. SeeScholl v.

---

[8]Additionally, at all times relevant hereto, the following Defendants maintained principal places of business in Mecklenburg County, North Carolina and/or have limited partners who reside in North Carolina, and are properly before that Court: Invictus Asset Management, LLC; Invictus Capital Growth and Income Fund LLP; Invictus Holdings, LLP; and Invictus Income Fund, LLP. It is also alleged that Defendants TradeDesk Capital LLC, TradeDesk Financial Group, Inc., and TradeStream Analytics, Ltd. conducted business in Charlotte, Mecklenburg County, North Carolina (Compl. ¶¶ 14-16).

<u>Sagon RV Supercenter, LLC</u>, 249 F.R.D. 230, 241-242 (W.D.N.C. 2008); <u>Blue Mako, Inc, v. Minidis</u>, 472 F. Supp. 2d 690, 704-705 (M.D.N.C. 2007).

Finally the Plaintiffs will face no prejudice by being required to pursue their claims in the Mecklenburg County Superior Court. Plaintiffs have already filed a virtually identical Complaint in Mecklenburg County for Guy Dugan's investments through Aggie Investment(s) in which Guy Dugan serves as Manager and Mark S. Dugan applied for and is appearing as counsel pro hac vice. The discovery, legal issues, remedies, decision makers and counsel will be the same. The undersigned counsel for Wiegand has offered to move to consolidate the two actions in the Superior Court which would further serve to minimize costs and promote the efficiencies of the respective courts.

Therefore, because a valid and enforceable forum-selection clause exists, mandating that this action only be brought in the Superior Court of the State of North Carolina for Mecklenburg County, the Court should dismiss this action without prejudice.

## CONCLUSION

Defendant Phillips Wiegand, Jr. respectfully requests that the Court dismiss the above-captioned matter in its entirety.

This the 19[rd] day of October, 2015.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned does hereby certify that the foregoing DEFENDANT PHILLIPS WIEGAND, JR.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE DOCTRINE OF FORUM NON CONVENIENS was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record:

> Mark K. Kutny
> **HAMILTON STEPHENS STEELE & MARTIN, PLLC**
> 201 S. College Street, Ste. 2020
> Charlotte, NC  28244-2020
> Telephone: (704) 344-1117
> ***Attorneys for Plaintiffs***
>
> David W. Schamens
> 138 Arnold Palmer Drive
> Advance, NC  27006

This the 19th day of October, 2015.

**ROBINSON ELLIOTT & SMITH**
Local Counsel for Defendant, Phillips Wiegand, Jr.

By: /s/ William C. Robinson
               Attorney Id.: 17584

> William C Robinson, Esq.
> ROBINSON ELLIOTT & SMITH
> 800 East Boulevard, Suite 100
> Charlotte, North Carolina 28203-5467
> Tel:  (704) 343-0061
> Fax: (704) 373-0290
> Email: srobinson@reslawfirm.net