IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:15-cv-00366

GUY M. DUGAN, KAREN DUGAN, and
MARK S. DUGAN AS TRUSTEE OF THE
GDM FAMILY TRUST,

    Plaintiffs,

v.

PHILLIPS WIEGAND, JR.,
PILIANA M. SCHAMENS,
DAVID W. SCHAMENS,
INVICTUS CAPITAL GROWTH
AND INCOME FUND, LLP,
INVICTUS ASSET MANAGEMENT,
LLC, INVICTUS INCOME FUND, LLP,
INVICTUS REAL ESTATE INVESTMENT,
LLP, INVICTUS FUNDS, LLC,
TRADEDESK FINANCIAL GROUP, INC.,
TRADEDESK FINANCIAL CORP.,
TRADESTREAM ANALYTICS, LTD.,
INVICTUS CAPITAL GROWTH FUND,
LLP, INVICTUS HOLDINGS, LLP,
TRADEDESK CAPITAL, LLC,

    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

    NOW COMES, Guy M. Dugan, Karen Dugan and Mark S. Dugan as Trustee of the GDM Family Trust ("Plaintiffs"), by and through the undersigned counsel of record, and respectfully submit the following memorandum in support of the Plaintiffs' Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendants Piliana M. Schamens, David W. Schamens, Invictus Capital Growth and Income Fund, LLP, Invictus Asset Management, LLC, Invictus Income Fund, LLP, Invictus Real Estate Investment, LLP, Invictus Funds, LLC, TradeDesk Financial Group, Inc., TradeDesk Financial Corp.,

{00356769.DOC V. D190.020173;}

TradeStream Analytics, Ltd., Invictus Capital Growth Fund, LLP, Invictus Holdings, LLP, and TradeDesk Capital, LLC (collectively, the "Defendants").

## BACKGROUND

As more particularly described in the Complaint (Doc. 1), which has been verified by the Plaintiffs in each of their Affidavits submitted in support of the Motion for Default Judgment, the Plaintiffs invested significant sums of money with the Defendants, which, unbeknownst to Plaintiffs, would ultimately be used for the personal benefit of the Defendants. These investments would not have been made, but for the fact Defendants made false representations that were relied on by Plaintiffs in making these investment decisions. Over a period of several years, Plaintiffs invested over $800,000 with the Defendants. The express purpose of these investments was to purchase and trade marketable securities. However, Defendants diverted some or all of these funds for their own personal benefit. As more particularly stated in the Affidavits of Guy M. Dugan, Karen Dugan, and Mark S. Dugan (the "Affidavits"), each of the Plaintiffs' principal investment with the Defendants that remains outstanding (after crediting amounts received) is as follows:

    a. Guy M. Dugan: **$537,075.19**

    b. Karen Dugan: **$26,554.57**

    c. GDM Family Trust: **$68,412.53**

These amounts are the amounts that the Defendants admit, in the exhibits attached to the Affidavits, that they have received from the Plaintiffs. These amounts are <u>only the principal amounts</u> given by the Plaintiffs to the Defendants to invest and do not include any lost profits or other gains. As set forth in the Affidavits, the last monthly statement submitted by the Defendants to the Plaintiffs states that the "market values" of these principal investments were

$1,454,804.10 (Guy M. Dugan), $73,338.27 (Karen Dugan), and $137,257.87 (GDM Family Trust).

## ARGUMENT

The Federal Rules of Civil Procedure authorize judgment by default. Fed. R. Civ. P. 55(b)(2). This Court has previously summarized the law with respect to judgments by default:

> Under Fed.R.Civ.P. 55(a), a default is entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." Fed.R.Civ.P. 55(a).
>
> Entry of default judgment is left to the sound discretion of the trial court. *Duke Energy Carolinas, LLC v. BlackRock Coal, LLC,* No. 3:11–cv–616–RJC–DSC, 2012 WL 1067695 (W.D.N.C. Mar. 29, 2012) (granting default judgment in plaintiff's favor after finding that service of the complaint and summons on defendant was sufficient yet defendant failed to defend); *C.F. Cloninger Trucking II, Inc. v. SourceOne Group, Inc.,* No. 3:08–cv–00320–FDW, 2009 WL 35191 (W.D.N.C. Jan. 5, 2009) (granting default judgment when defendant failed to defend complaint). *Accord SEC v. Lawbaugh,* 359 F.Supp.2d 418, 421 (D.Md.2005) (granting default judgment for permanent injunction, disgorgement and a civil monetary penalty where defendant failed to answer complaint alleging securities fraud and misappropriation). "Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails "to plead or otherwise defend" in accordance with the Rules.
>
> Although the clear policy of the Rules is to encourage dispositions of claims on their merits, *see Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir.1974), trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *U.S. v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982).
>
> Upon entry of default, the well-pleaded allegations in the complaint are to be taken as true for purposes of establishing liability. Fed.R.Civ.P. 8(b)(6) ("An allegation—other than one relating to the damages—is admitted if a responsive pleading is required and the allegation is not denied."). In determining, whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir.2001) (defaulting defendant admits plaintiff's well-pled allegations of fact). If the court finds that liability is established, it must then determine damages. *EEOC v. Carter Behavior Health,* 2011 WL 5325485, at *4 (E.D.N.C. Oct. 7, 2011) (citing *Ryan,* 253 F.3d at 780–81). Although, the Court must make an independent determination regarding damages, *Lawbaugh,* 359 F.Supp.2d at 422, an evidentiary hearing is not required; rather, the Court may rely on affidavits or documentary evidence in the record to determine the

appropriate sum. *See EEOC v. CDG Mgmt., LLC,* No. RDB–08–2562, 2010 WL 4904440, at *2 (D.Md. Nov. 24, 2010) (citations omitted); *EEOC v. North Am. Land Corp.,* No. 1:08–cv–501, 2010 WL 2723727, at *2 (W.D.N.C. Jul 8, 2010). *See generally, CFTC v. Capitalstreet Financial, LLC,* No. 3:09–cv–387–RJC–DCK, 2012 WL 79758, at *1 (W.D.N.C. Jan. 11, 2012) (taking as true the factual allegations of the complaint which were well-pleaded and issuing a final order of permanent injunction that also provided for restitution, a civil monetary penalty and ancillary equitable relief pursuant to Section 6c of the Act).

*U.S. Commodity Futures Trading Comm'n v. PMC Strategy, LLC*, 903 F. Supp. 2d 368, 375–76 (W.D.N.C. 2012). The Fourth Circuit has held that there is no abuse of discretion by a trial court in refusing to set aside an entry of default in an action in which the defendant waited almost two and one-half months before moving to set the same aside. *See Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249 (4th Cir. 1967). Here, the entry of default was entered in March 2016 (five months ago) (Doc. 43), and the Defendants have not moved to set it aside or otherwise respond to the Complaint.

### I. The Plaintiffs Have Sufficiently Pleaded Their Complaint, Leaving No Room for a Dispute of Material Fact and Demonstrating that the Merits Favor Default Judgment.

In the 200 paragraph Complaint (and supporting Affidavits), the Plaintiffs have alleged sufficient facts to support all of the requisite elements underlying each of the causes of action included in the Complaint (Doc. 1).

#### A. **FIRST CAUSE OF ACTION (Fraudulent Inducement)**

"The essential elements of fraud in the inducement are: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Whisnant v. Carolina Farm Credit*, 693 S.E.2d 149, 157 (N.C. App. 2010). In this case, the Defendants' representations were false representations or concealments of material facts. (Compl., Doc. 1, ¶¶

{00356769.DOC V. D190.020173;}                    -4-

Case 3:15-cv-00366-RJC-DSC    Document 47    Filed 08/05/16    Page 4 of 14

48-49, 53-54, 100-102, 109—131). Given the character of these false representations or concealments of material fact, the Defendants knew and/or should have known that the Plaintiffs would rely upon them in making the determination to invest over $800,000 with the Defendants over the course of years. *Id.* Accordingly, these misrepresentations were reasonably calculated to deceive Plaintiffs into entrusting their life savings to the Defendants and were made with the intent to deceive because the Defendants used the Plaintiffs' savings for the Defendants' own personal use and benefit. Unfortunately, the Plaintiffs were in fact deceived and damaged by the foregoing deception as more particularly stated in the Complaint and Affidavits. Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish a claim for relief based on fraudulent inducement.

### B. SECOND CAUSE OF ACTION (Fraud)

"The essential elements of fraud are: (1) False representation or concealment of a past or existing material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Whisnant*, 693 S.E.2d at 156 -157. A claim for fraud may be based on an affirmative misrepresentation of a material fact, or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose. *Id.* As stated above, the Defendants mislead the Plaintiffs into entrusting over $800,000 with the Defendants through both affirmative misrepresentations of material facts and failing to disclose material facts. (Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—124, 132-139) that were reasonably calculated to deceive and made with the intent to deceive. Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish a claim for relief based on fraud.

## C. THIRD CAUSE OF ACTION (Breach of Fiduciary Duty)

To state a claim for breach of fiduciary duty, a plaintiff must allege that a fiduciary relationship existed and that the fiduciary failed to act in good faith and with due regard to plaintiff's interests. *Toomer v. Branch Banking and Trust Co.*, 614 S.E.2d 328, 337 (N.C. App. 2005). A fiduciary relationship exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence. *Jacobs v. Physicians Weight Loss Center of America, Inc.*, 620 S.E.2d 232, 236 (N.C. App. 2005).

By virtue of their position as trustee, manager and financial advisor to and of Plaintiffs' assets, the Defendants owed certain fiduciary duties to Plaintiffs. Specifically, the Plaintiffs instilled special confidence and trust in the Defendants to manage Plaintiffs' assets and deposit Plaintiffs' funds in accounts for the benefit of Plaintiffs, which created a fiduciary relationship between Plaintiffs and the Defendants. The Defendants breached their fiduciary duties to Plaintiffs by, among other things:

  a. Failing to deposit funds paid by Plaintiffs to accounts for the benefit of Plaintiffs;

  b. Failing and refusing to disclose account records, financial statements and other details regarding investments held by Defendants;

  c. Failing to disclose and intentionally concealing the known risks associated with investing in IAM and other corporate Defendants;

  d. Failing to disclose D. Schamens' bar from association imposed by the SEC;

  e. Knowingly and intentionally providing false statements concerning the financial condition of Defendants;

  f. Converting Plaintiffs' ownership in the corporate Defendants without providing compensation or documentation of ownership;

  g. Diverting Plaintiffs' assets unlawfully and for the Defendants' own use; and

  h. Engaging in self-dealing.

(Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—124, 140-147) Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish a claim for relief based on breach of fiduciary duty.

### D. FOURTH CAUSE OF ACTION (Constructive Fraud)

In order to show constructive fraud, a plaintiff must establish (1) facts and circumstances creating a relation of trust and confidence; (2) which surrounded the consummation of the transaction in which the defendant is alleged to have taken advantage of the relationship; and (3) the defendant sought to benefit himself in the transaction. *Marketplace Antique Mall, Inc. v. Lewis*, 163 N.C.App. 596, 599-600, 594 S.E.2d 121, 124 (2004) (citations omitted). Defendants' breaches of fiduciary duties described above constitute constructive fraud. (Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—124, 140-151) Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish a claim for relief based on constructive fraud.

### E. FIFTH CAUSE OF ACTION (Conversion)

"Conversion is defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Gallimore v. Sink*, 27 N.C. App. 65, 67, 218

{00356769.DOC V. D190.020173;} -7-

Case 3:15-cv-00366-RJC-DSC   Document 47   Filed 08/05/16   Page 7 of 14

S.E.2d 181, 183 (1975) (citation omitted). "It is clear then that two essential elements are necessary in a complaint for conversion-there must be ownership in the plaintiff and a wrongful conversion by defendant. *Id.* Defendants exercised a right of ownership over Plaintiffs' assets and monies to the exclusion of Plaintiffs, and used that property to benefit themselves. (Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—124, 152-158) Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish a claim for relief based on conversion.

### F. SIXTH CAUSE OF ACTION (Securities Fraud)

N.C.G.S. § 78A-56 (Civil liabilities) provides in pertinent part:

(a) Any person who:
. . .
(2) Offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person purchasing the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at the legal rate from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if the purchaser no longer owns the security.

The Defendants sold or offered to sell securities to Plaintiffs. In an effort to induce Plaintiffs to purchase these securities, D. Schamens, acting as agents for the Defendants, made untrue statements of material fact and omitted material facts as more particularly described above in violation of N.C.G.S. § 78A-8, creating liability under N.C.G.S. § 78A-56. Plaintiffs collectively invested over $800,000 with Defendants because of these untruthful statements of material fact. The fraud perpetuated by Defendants was concealed from Plaintiffs through an

ongoing pattern of withholding documents, agreements and account information. (Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—124, 159-167) Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish a claim for relief based on civil liability under the securities fraud statutes.

### G. EIGHTH CAUSE OF ACTION (Unfair and Deceptive Trade Practices)

A claim under section 75-1.1 of the North Carolina General Statutes requires proof of three elements: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, which (3) proximately caused actual injury to the claimant. *Boyce & Isley, PLLC v. Cooper,* 153 N.C. App. 25, 35-36, 568 S.E.2d 893, 901 - 902 (N.C.App.,2002). To prevail on a Chapter 75 claim, a plaintiff need not show fraud, bad faith, or actual deception. *RD & J Properties v. Lauralea-Dilton Enterprises, LLC,* 165 N.C. App. 737, 748, 600 S.E.2d 492, 501 (N.C.App.,2004). Instead, it is sufficient if a plaintiff shows that a defendant's acts possessed the tendency or capacity to mislead or created the likelihood of deception. *Id.* However, proof of fraud in the inducement necessarily constitutes a violation of Chapter 75, *Whisnant v. Carolina Farm Credit*, 204 N.C. App. 84, 95, 693 S.E.2d 149, 157 (2010), as does proof of actual fraud, *Sara Lee Corp. v. Carter*, 351 N.C. 27, 32, 519 S.E.2d 308, 311 (1999). In this case, each of the causes of action above establish unfair and deceptive trade practices on the part of the Defendants. (Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—180) Pursuant to N.C.G.S. § 75-16, the compensatory damages are trebled mandatorily against the Defendants, jointly and severally. Moreover, pursuant to N.C.G.S. § 75-16.1, Plaintiffs are entitled to an award of attorneys' fees from Defendants, jointly and severally, in the Court's discretion.

### H. NINTH CAUSE OF ACTION (Piercing the Corporate Veil)

"It is well recognized that courts will disregard the corporate form or 'pierce the corporate veil' and extend liability for corporate obligations beyond the confines of a corporation's separate entity, whenever necessary ... to achieve equity." *Glenn v. Wagner,* 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985) (citing 18 AM. JUR. 2D *Corporations* § 15 (1965)). The courts will "disregard the corporate form" and "pierce the corporate veil" where an individual exercises actual control over a corporation, operating it as a mere instrumentality or tool. *Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 790-791, 561 S.E.2d 905, 908-09 (2002) (citing *Postell v. B & D Construction Co.,* 105 N.C. App. 1, 11, 411 S.E.2d 413, 419, *disc. review denied,* 331 N.C. 286, 417 S.E.2d 253 (1992)). The "instrumentality rule" has been set forth by the North Carolina Supreme Court as follows:

> When a corporation is so operated that it is a mere instrumentality or alter ego of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State, the corporate entity will be disregarded and the corporation and the shareholder treated as one and the same person, it being immaterial whether the sole or dominant shareholder is an individual or another corporation.

*Becker*, 149 N.C. App. at 790-791, 561 S.E.2d at 908-09 (citing *Henderson v. Sec. Mortg. & Finance Co.,* 273 N.C. 253, 260, 160 S.E.2d 39, 44 (1968)).

David Schamens and Pilliana Schamens exercised complete domination and control over the Defendant entities so that these companies had no separate mind, will or existence of their own and were the mere instrumentality of these individuals. David Schamens and Pilliana Schamens treated each of the Defendant entities as an alter ego by comingling and intermingling their personal funds with the Defendant entities' funds and using property of these entities for personal expenses, leaving the Defendant entities grossly undercapitalized. (Compl., Doc. 1, ¶¶

{00356769.DOC V. D190.020173;}                -10-

Case 3:15-cv-00366-RJC-DSC    Document 47    Filed 08/05/16    Page 10 of 14

48-49, 53-54, 100-102, 109—124, 181-188) Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish that the corporate veil of each of the Defendant entities may be pierced to hold the individual Defendants liable.

I. <u>**TENTH CAUSE OF ACTION (Civil Conspiracy – Joint and Several Liability)**</u>

A conspiracy has been defined as "an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful way." *Dickens v. Puryear*, 302 N.C. 437, 456, 276 S.E.2d 325, 337 (1981). "The common law action for civil conspiracy is for damages caused by acts committed pursuant to a conspiracy rather than for the conspiracy, i.e., the agreement, itself." *Id.* Thus to create civil liability for conspiracy there must have been an overt act committed by one or more of the conspirators pursuant to a common agreement and in furtherance of a common objective. *Id.* Civil liability for conspiracy may be established by circumstantial evidence. *Id.* If the Plaintiff establishes an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way that results in damages to the claimant, then "all of the conspirators are jointly and severally liable for the act of any one of them done in furtherance of the agreement." *Dalton v. Camp*, 135 N.C. App. 32, 42, 519 S.E.2d 82, 89 (1999) (citing *Fox v. Wilson,* 85 N.C.App. 292, 301, 354 S.E.2d 737, 743 (1987)). In this case, the Defendants entered into a conspiracy to commit unlawful acts, or to do lawful acts in an unlawful way, including, but not limited to, the conduct more particularly described above, which constitutes fraud, conversion, and unfair trade practices, among the other claims. In pursuit of this civil conspiracy, at least one of the conspirators converted funds belonging to Plaintiffs, committed fraud, and/or committed unfair trade practices, among the other allegations and claims set forth above. (Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—124, 189-192)

Accordingly, Plaintiffs have demonstrated that the allegations of the Complaint establish that the Defendants should be held jointly and severally liable.

### J. TWELFTH CAUSE OF ACTION (Unjust Enrichment and Constructive Trust)

"The elements to recover for unjust enrichment based on quantum meruit, quasi-contract, or implied by law contract, which are equivalent terms for equitable relief, are: '(1) a benefit conferred by the plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for him to retain it without paying its value.'" *Regions Bank v. Wingard Properties, Inc.*, 394 S.C. 241, 257 (2011). (Compl., Doc. 1, ¶¶ 48-49, 53-54, 100-102, 109—124, 195-200) In this case, the Defendants have received large sums of money from the Plaintiffs constituting life savings, and the retention of those sums of money by the Defendants would be inequitable.

### II. The Court Should Allow the Caption to Be Amended to Correct a Typographical Error to Conform to the Body of the Complaint.

Courts generally allow amendments to change or correct the name of a party where the change does not have the effect of substituting another party, and the court conceives it has jurisdiction. As explained by the Fourth Circuit,

> Under modern practice, … [w]here the proper party is before the court, although there under a wrong name, and if the plaintiff, he is the party having the cause of action, and, if the defendant, he is the party the plaintiff intended to sue and did sue, and the court considers such defendant within its jurisdiction, an amendment of process and pleading will be allowed to change or correct the name of either plaintiff or defendant to cure the misnomer.

*A.H. Fischer Lumber Co. v. A.H. Fischer Co., Inc.*, 162 F.2d 872, 873 (4th Cir. 1947) (denying dismissal and permitting amendment where word "Inc." was omitted from party's name and "Lumber" was added where "[t]he defendant was engaged in some branch of the lumber or

woodworking business, there was no other corporation in the locality with a similar name, and nobody was misled in the first case"). Therefore, Plaintiff Guy M. Dugan requests that the caption, which currently reads just "M. Dugan", be amended to include his full name "Guy M. Dugan."

## CONCLUSION

For the reasons stated above and in the Motion for Default Judgment, the Plaintiffs respectfully requests that this Court enter default judgment in their favor against the Defendants on all counts and amend the caption to include the full name of "Guy M. Dugan."

This the 5th day of August, 2016.

**Respectfully submitted**,

By: **s/ Mark R. Kutny**
Mark R. Kutny (NC Bar # 29306)
*Attorney for Plaintiffs*

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
201 South College Street, Suite 2020
Charlotte, North Carolina 28244-2020
Telephone: (704)344-1117
Fax: (704) 344-1483
E-mail: mkutny@lawhssm.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing **Memorandum in Support of Motion for Default Judgment** was served upon all parties of record by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

> David W. Schamens
> Piliana M. Schamens
> 138 Arnold Palmer Drive
> Advance, NC 27006

This the 5th day of August, 2016.

By: **s/ Mark R. Kutny**
Mark R. Kutny (NC Bar # 29306)
*Attorney for Plaintiffs*

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
201 South College Street, Suite 2020
Charlotte, North Carolina 28244-2020
Telephone: (704)344-1117
Fax: (704) 344-1483
E-mail: mkutny@lawhssm.com