IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:15-cv-00366

GUY M. DUGAN, KAREN DUGAN, and
MARK S. DUGAN AS TRUSTEE OF THE
GDM FAMILY TRUST,

     Plaintiffs,

v.

PHILLIPS WIEGAND, JR.,
PILIANA M. SCHAMENS,
DAVID W. SCHAMENS,
INVICTUS CAPITAL GROWTH
AND INCOME FUND, LLP,
INVICTUS ASSET MANAGEMENT,
LLC, INVICTUS INCOME FUND, LLP,
INVICTUS REAL ESTATE INVESTMENT,
LLP, INVICTUS FUNDS, LLC,
TRADEDESK FINANCIAL GROUP, INC.,
TRADEDESK FINANCIAL CORP.,
TRADESTREAM ANALYTICS, LTD.,
INVICTUS CAPITAL GROWTH FUND,
LLP, INVICTUS HOLDINGS, LLP,
TRADEDESK CAPITAL, LLC,

     Defendants.

**MEMORANDUM IN SUPPORT OF
MOTION TO SEAL**

NOW COMES, Guy M. Dugan, Karen Dugan and Mark S. Dugan as Trustee of the GDM Family Trust ("Plaintiffs"), by and through the undersigned counsel of record, and respectfully submit the following brief in support of the Motion to Seal pursuant to Western District of North Carolina Local Rules 6.1 and 7.1:

## FACTUAL BACKGROUND

As more particularly described in the Complaint (Doc. 1), this lawsuit results from the fraudulent conduct of the Defendants including, without limitation, a conspiracy to defraud

Plaintiffs out of hundreds of thousands of dollars through sham investments.

## DISCUSSION OF AUTHORITY

Western District of North Carolina Local Rule 6.1(C) provides the procedure to file a document under seal and requires that the motion or supporting brief shall contain:

> **(1)** a non-confidential description of the material sought to be sealed;
> **(2)** a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
> **(4)** supporting statutes, case law or other authority.

A.     Non-Confidential Description of the Material Sought to be Sealed.

Plaintiffs seek to permanently seal the Affidavits of Guy M. Dugan, Karen Dugan and Mark S. Dugan in support of the Motion for Default Judgment (the "Affidavits"). The Affidavits contain or constitutes nonpublic information or confidential financial information that identifies the dates and dollar amounts of proceeds received by the Defendants from the Plaintiffs.

B.     Statement as to Why Sealing is Necessary.

The Affidavits contains or constitute nonpublic information or confidential or proprietary business, technical or financial information that identifies the dates and dollar amounts of proceeds received by the Defendants, and that otherwise identifies confidential or proprietary business, technical or financial information protectable under Federal Rule of Civil Procedure 26(c). In order to support the final default judgment amounts, the Plaintiffs must file the Affidavits to establish the total amounts invested with the Defendants and the credits received.

C.     Permanent Sealing is Sought

Plaintiffs request that the Affidavits be filed under permanent seal.

2

D.  Supporting Statutes, Case Law or Other Authority

In determining whether documents should be sealed, the Court's review starts with the general proposition that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). In the interests of justice, however, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* In this case, Plaintiffs have shown that the Affidavits contain or constitute nonpublic information or confidential or proprietary business, technical or financial information that identifies the dates and dollar amounts of proceeds received by the Defendants from Plaintiffs, and that otherwise identifies confidential or proprietary business, technical or financial information protectable under Federal Rule of Civil Procedure 26(c).

Federal Rule of Civil Procedure 26(c) provides broad discretion for a court to permit sealing of court documents. The Supreme Court has observed that "the decision as to access is one best left to the sound discretion of the trial court." *Nixon,* 435 U.S. at 597. *See also Media General Operations, Inc. v. Buchanan*, 417 F.3d 424, 428-429 (4th Cir. 2005). Accordingly, Plaintiffs respectfully request that the Affidavits be filed under permanent seal.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an Order permitting the Plaintiffs to file the Affidavits under permanent seal.

This the 5th day of August, 2016.

Respectfully submitted,

By:    **s/ Mark R. Kutny**

Mark R. Kutny (NC Bar # 29306)
*Attorney for Plaintiffs*

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
201 South College Street, Suite 2020
Charlotte, North Carolina  28244-2020
Telephone: (704)344-1117
Fax: (704) 344-1483
E-mail: mkutny@lawhssm.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing **Memorandum** was served upon all parties of record by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

David W. Schamens
Piliana M. Schamens
138 Arnold Palmer Drive
Advance, NC 27006

This the 5th day of August, 2016.

By:     **s/ Mark R. Kutny**
Mark R. Kutny (NC Bar # 29306)
*Attorney for Plaintiffs*

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
201 South College Street, Suite 2020
Charlotte, North Carolina 28244-2020
Telephone: (704)344-1117
Fax: (704) 344-1483
E-mail: mkutny@lawhssm.com