UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00366-RJC-DSC

| | |
|---|---|
| GUY M. DUGAN, KAREN DUGAN, and MARK S. DUGAN, as trustee of THE GDM FAMILY TRUST, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PILIANA M. SCHAMENS, )<br>DAVID W. SCHAMENS, )<br>INVICTUS CAPITAL GROWTH )<br>AND INCOME FUND, LLP, )<br>INVICTUS ASSET MANAGEMENT, )<br>LLC, INVICTUS INCOME FUND, )<br>INVICTUS REAL ESTATE )<br>INVESTMENT, )<br>LLP, INVICTUS FUNDS, LLC, )<br>TRADEDESK FINANCIAL GROUP, INC., )<br>TRADEDESK FINANCIAL CORP., )<br>TRADESTREAM ANALYTICS, LTD., )<br>INVICTUS CAPITAL GROWTH FUND, )<br>LLP, INVICTUS HOLDINGS, LLP, and )<br>TRADEDESK CAPITAL, LLC, )<br>)<br>Defendants. | ORDER |

**THIS MATTER** comes before the Court on Defendants' Motion to Set Aside Default Judgment under Federal Rule of Civil Procedure 59(e), (Doc. No. 70).

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to

1

correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Defendants timely filed their motion to alter or amend, but they have failed to show the existence of the limited circumstances under which a Rule 59(e) motion may be granted. They do not present evidence that was unavailable prior to the Court entering judgment, allege an intervening change in the applicable law, or show that a clear error of law has been made that will result in manifest injustice. See Hill, 277 F.3d at 708. Defendants base their motion on alleged interactions between Defendants David Schamens and the undersigned which allegedly occurred in 1997. These alleged interactions were known to Mr. Schamens when Plaintiffs instigated this case—or, at the latest, as Defendant Schamens alleges, at the hearing that occurred on June 5, 2017. Therefore, to tarry in requesting recusal until November 2, 2017—after the Court had entered default judgment and the case had been closed—is inexcusable. Defendants' disagreement with the Court's legal conclusion provides no basis for Rule 59(e) relief.

Accordingly, Defendants' Rule 59 Motion, (Doc. No. 70), is **DENIED. SO ORDERED.**

Signed: April 24, 2019

Robert J. Conrad, Jr.
United States District Judge

2