IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00366-RJC-DSC

| | |
|---|---|
| GUY M. DUGAN, KAREN DUGAN AND MARK S. DUGAN AS TRUSTEE OF THE GDM FAMILY TRUST, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) **ORDER** |
| PILIANA M. SCHAMENS, DAVID W. SCHAMENS, INVICTUS CAPITAL GROWTH AND INCOME FUND LLP, INVICTUS ASSET MANAGEMENT LLC, INVICTUS INCOME FUND, INVICTUS HOLDINGS LLP, INVICTUS REAL ESTATE INVESTMENT LLP, TRADEDESK CAPITAL LLC, INVICTUS FUNDS LLC, TRADEDESK FINANCIAL GROUP INC., TRADEDESK FINANCIAL CORP. AND TRADESTREAM ANALYTICS LTD., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Register Judgment Pursuant to 28 U.S.C. § 1963" (document # 80) filed August 11, 2020 and the parties' associated briefs and exhibits. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for determination.

On October 2, 2017, the Honorable Robert J. Conrad, Jr. granted Plaintiffs' Motion for Default Judgment. See document #69. Plaintiffs were unable to locate assets owned by Defendants in this district that would partially or fully satisfy the Judgment. On November 26,

2019, Defendant David W. Schamens purchased real property located in Greensboro, North Carolina. Plaintiffs now move for leave to register the Judgment in the Middle District of North Carolina.

Pursuant to 28 U.S.C. § 1963, a judgment may be entered in another district when the judgment has become final or where ordered by the court that entered the judgment upon a showing of good cause. The Judgment in this case is not final because an appeal is pending in the United States Court of Appeals for the Fourth Circuit, Appellate Case No. 19-1476. Consequently, Plaintiffs seek an order from this Court allowing them to register the Judgment in another district.

"Good cause exists when the defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment." United States v. D'Elegance Mgmt. Ltd., Inc., 217 F.3d 843, 2000 WL 966034, at *8 (4th Cir. Jul 13, 2000) (unpublished); see also Rubbermaid Inc. v. Signalife, Inc., (unpublished); see also Rubbermaid Inc. v. Signalife, Inc., No. 3:07cv33–RJC, 2009 WL 242991, at *1 (W.D.N.C. Jan. 30, 2009) (Conrad, C.J.); E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc., Civil Action No. 3:09cv058, 2012 WL 1203327, at *2 (E.D. Va. Apr. 10 2012).

For the reasons detailed in Plaintiffs' briefs, the Court finds that Plaintiffs have demonstrated good cause to register the Judgment in another district pursuant to Section 1963. First, Defendants did not file a supersedeas bond or otherwise move to stay enforcement of the Judgment in this case. Second, Plaintiffs contend that while Defendants lack assets in this district, an asset search indicates that Defendants purchased real property located in the Middle District of North Carolina. Defendants' response to the Motion does not deny ownership of this property but rather argues that there is a $900,000 mortgage on the property as well as liens from creditors.

Third, based upon Defendants prior conduct in this case giving rise to entry of a default judgment, the Court finds that Plaintiffs' concerns that Defendants may transfer or otherwise conceal property necessary to satisfy the Judgment in this case is justified. Accordingly, the Court finds that Plaintiffs have shown good cause under Section 1963 to register the Judgment in the Middle District of North Carolina and elsewhere.

Therefore, the Court **GRANTS** "Plaintiffs' Motion to Register Judgment Pursuant to 28 U.S.C. § 1963" (document # 80).

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: October 20, 2020

David S. Cayer
United States Magistrate Judge