# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00366-RJC-DSC

| | |
|---|---|
| **GUY M. DUGAN ET AL.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **INVICTUS ASSET MANAGEMENT** ) | |
| **LLC ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on the "Motion to Disqualify Counsel" (document # 93) filed October 20, 2020 and the Plaintiffs' response and exhibits (document #97).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Pro se Defendants David W. Schamens and Piliana M. Schamens seek disqualification of Plaintiffs' counsel Lex M. Erwin and his firm Erwin, Bishop, Capitano & Moss, P.A. pursuant to Rule 1.18 of the North Carolina Rules of Professional Conduct.

"The guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings" and "the purpose of granting such motions is to eliminate the threat that the litigation will be tainted." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 514, 517 (M.D.N.C. 1996). The court must balance (1) a party's right to his choice of counsel and the potential substantial hardship resulting from disqualification against (2) the importance of safeguarding the public trust in the judicial system. Johnson v. Brock & Scott, PLLC, 2012 WL

4483916, at *7 (E.D.N.C. Sept. 26, 2012). However, "the moving party has a very high standard of proof in moving to disqualify an opposing party's counsel. It follows that a court should not disqualify a party's chosen counsel on imagined scenarios of conflict." Capacchione v. Charlotte-Mecklenburg Bd. Of Educ., 9 F.Supp.2d 572, 579 (W.D.N.C. 1998).

"Motions to disqualify counsel are not looked upon favorably." Tech Partners, Inc. v. Papaioannou, 2016 WL 797555, at *2 (W.D.N.C. March 1, 2016). "The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel." Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 146 (4th Cir.1992). Courts are to "remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." Id. (citing Woods v. Covington Cnty. Bank, 537 F. 2d 804, 813 (5th Cir.1976)). In order to avoid the potential for abuse, the Fourth Circuit has held that disqualification for violations of an ethical canon "may not be rested on mere speculation that a chain of events whose occurrence theoretically could lead counsel to act counter to his clients' interests might in fact occur." Id. at 145 (citing Aetna Casualty & Surety Co. v. United States, 570 F.2d 1197, 1200–02 (4th Cir.1978)).

North Carolina Rule of Professional Conduct 1.18 governs duties to a prospective client. Defendants allege that David Schamens had telephone conversations on August 26 and 27, 2015 with Dan Bishop, Erwin's law partner, about possible representation in an arbitration and that Bishop was privy to confidential information pertaining to this case. Plaintiffs argue that the arbitration and the present action are totally unrelated. Bishop declined to represent Schamens and they never established an attorney-client relationship. Erwin made his appearance in this case on May 23, 2018.

The Court has carefully examined the record, the parties' arguments and the applicable authorities. The Court finds that Defendants have failed to meet their high evidentiary burden to disqualify Erwin and overcome Plaintiffs' right to their choice of counsel. Accordingly, Defendants' "Motion to Disqualify Counsel" (document # 93) is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for Plaintiffs, pro se Defendants and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: December 7, 2020

David S. Cayer
United States Magistrate Judge